**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Zemelka,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC, et al.,<br><br>    Defendants. | No. CV-18-04179-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. (Doc. 20). Plaintiff has responded (Doc. 28) and Defendant has replied (Doc. 31). The Motion is ready for ruling and will be granted.

**I.    Background**

Plaintiff filed for Chapter 7 Bankruptcy on February 27, 2018. (Doc. 1 ¶ 10). On June 13, 2018, Plaintiff received an Order of Discharge from the Bankruptcy Court. (Doc. 1 ¶ 11). After the order of discharge issued, Plaintiff obtained his Trans Union and Equifax credit disclosures. (Doc. 1 ¶ 13). In each disclosure, Plaintiff noticed the Lending Club tradelines were reported without a notation of bankruptcy discharge. (Doc. 1 ¶ 7). Plaintiff submitted letters to Trans Union and Equifax disputing the Lending Tree tradelines and asking that they report the tradelines with the notation of bankruptcy discharge. (Doc. 1 ¶¶ 13–16). Trans Union and Equifax forwarded the dispute to Lending Club. (Doc. 1 ¶ 17). After investigation, Trans Union and Equifax refused or failed to report the tradeline

with the notation of bankruptcy discharge. (Doc. 1 ¶¶ 18–19). Plaintiff alleges Defendants' actions violate the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

## II. Legal Standards

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**B. Fair Credit Reporting Act (FCRA)**

"Congress enacted the [FCRA] to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal citations and quotation marks omitted). A prerequisite for bringing a claim against a credit reporting agency under either § 1681e or § 1681i is evidence of an inaccuracy in the credit report. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a *prima facie* violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.").

**III.    Consideration of Exhibits**

Defendant has attached three documents to its Motion to Dismiss: (1) a Declaration of Don Wagner (Doc. 20, Exh. A); (2) Plaintiff's Bankruptcy petition (Doc. 20. Exh. B); and (3) the Order of Discharge from the Bankruptcy Court (Doc. 20, Exh. C). Plaintiff objects to the Court's consideration of the Declaration of Don Wagner.

The Court may consider documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160–1161 (9th Cir. 2012); *In re Bare Escentuals, Inc. Securities Litigation*, 745 F.Supp. 2d 1052, 1065 (N.D. Cal. 2010) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). Plaintiff's entire complaint against Trans Union is based on the language in the report maintained by Trans Union yet they did not attach the report. The Declaration of Don Wagner simply authenticates and provides the language that was used by Trans Union to report the status of Plaintiff's Lending Club Corporation accounts. Plaintiff did not challenge the authenticity of the representation of how the accounts were reported but

argue that they are undated and so should not be considered. However, Don Wagner, appropriately authenticates these documents as those appearing during the relevant time period. The Court will consider Exhibit A to the Motion to Dismiss.

**IV.  Analysis**

Plaintiff has two claims against Defendant Trans Union. The first is a clam under 15 U.S.C. §1681e(b) and the second under 15 U.S.C. §1681i. Both claims require that Plaintiff allege the existence of an inaccuracy in the consumer report.

Defendant argues that there is no violation of the FCRA because there was nothing inaccurate about their reporting. The Trans Union disclosure reports the following relevant information:



Each tradeline for the accounts noted it as "included in bankruptcy," reported as closed, showing no balance due. The report as a whole shows that the bankruptcy was discharged.

Plaintiff argues that each tradeline should report as "discharged in bankruptcy" instead of "included in bankruptcy." Plaintiff argues that the use of the phrase "included in bankruptcy" is materially misleading because a lender reading the report would not understand that the account was discharged. Under the FCRA, an account can be inaccurate on its face or misleading in such a way and to such an extent that it can be

expected to have an adverse effect on the consumer. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citing *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890 (5th Cir. 1998)). In isolation, the difference between the two phrases could be significant and could form the basis for a claim. However, Courts have recognized that the alleged misleading information should be read in context of the whole report. *See Torian v. JP Morgan Chase Bank, N.A.*, No. 17-cv-00422-PJH, 2017 WL 2986250, at *6 (N.D. Cal. July 13, 2017). In context, the report is clear that the accounts were included in the bankruptcy, Plaintiff's bankruptcy was discharged, the accounts are closed, and have no balance due. Additionally, there is no past due balance reported. Plaintiff has not cited any authority for the claim that each trade line must report the discharge. The Court finds there is nothing inaccurate about Trans Union's reporting of Plaintiff's accounts.

**V.     Conclusion**

IT IS ORDERED granting Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Doc. 20) and Counts III and IV of the Complaint (Doc. 1) will be dismissed.

Dated this 31st day of May, 2019.

Honorable Susan M. Brnovich
United States District Judge